1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID MCKEAN,

                              Petitioner,

        v.

UNITED STATES OF AMERICA,

                              Respondent.

CASE NO. C20-5596 BHS

CR17-5043 BHS-1

ORDER DENYING PETITIONER'S
MOTION TO VACATE
JUDGMENT UNDER 28 U.S.C.
§ 2255

This matter comes before the Court on Petitioner David McKean's motion to

vacate judgment under § 2255. Dkt. 1. The Court has considered the pleadings filed in

support of and in opposition to the motion and the remainder of the file and hereby denies

the motion for the reasons stated herein.[1]

## I.   BACKGROUND

In March 2017, McKean accepted a plea agreement and the Court accepted

McKean's plea to Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1).

---

[1] Neither party requests an evidentiary hearing in this case. An evidentiary hearing is not required when "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

*United States v. McKean*, No. CR17-5043 BHS-1, Dkts. 21, 22. Among other convictions, McKean had previously served over a year in prison following a conviction for Felon in Possession of a Firearm in this Court in 2014. *Id*., Dkt. 25, ¶ 41. On July 20, 2017, the Court sentenced him to 30 months of incarceration and five years of supervised release. *Id*., Dkts. 29, 30.

On June 22, 2020, McKean filed the instant motion to vacate pursuant to § 2255. Dkt. 1. McKean argues that his conviction must be vacated in light of the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). *Id.* at 1. On July 13, 2020, the Court requested an answer from Respondent the United States of America ("the Government"). Dkt. 3. On July 29, 2020, the Government responded. Dkt. 5. On August 13, 2020, McKean replied. Dkt. 6.

## II.   DISCUSSION

McKean was convicted under 18 U.S.C. § 922(g), which prohibits specified categories of persons from possessing firearms. Nine categories of persons are subject to the prohibition, including any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). Another provision, 18 U.S.C. § 924(a)(2), provides that anyone who knowingly violates this prohibition may be fined or imprisoned for up to ten years. Prior to *Rehaif*, every federal court of appeals to consider the question, including the Ninth Circuit, had held that the prosecution did not have to prove knowledge of one's prohibited status. *See Rehaif*, 139 S.Ct. at 2210 & n.6 (Alito, J., dissenting) (collecting cases).

1  In *Rehaif*, the Supreme Court held that "knowingly" applied both to the relevant

2  conduct, possessing a firearm, and the relevant status, falling into one of the nine

3  categories—and thus "[t]o convict a defendant, the Government therefore must show that

4  the defendant knew he possessed a firearm and also that he knew he had the relevant

5  status when he possessed it." *Id*. at 2194 (majority opinion). McKean entered his guilty

6  plea two years before *Rehaif*, so the Court accepted his plea without advising him that

7  knowledge of his status was an element of his offense. McKean argues his plea was

8  therefore not knowingly and intelligently made in violation of the Due Process Clause

9  and Fed. R. Crim. P. 11(b)(1)(G). Dkt. 1 at 5.

10  The Government identifies three procedural bars which are potentially applicable

11  to McKean's § 2255 petition: (1) that McKean's petition is untimely, (2) that McKean

12  procedurally defaulted the instant claim, and (3) that McKean waived his right to

13  collaterally attack his sentence. *See* Dkt. 5 at 3–4.

14  Regarding timeliness, a § 2255 motion is timely if filed within one year from "the

15  date on which the right asserted was initially recognized by the Supreme Court, if that

16  right has been newly recognized by the Supreme Court and made retroactively applicable

17  to cases on collateral review." 28 U.S.C. § 2255(f)(3). The Government agrees with

18  McKean that *Rehaif* applies retroactively on collateral review and concedes that

19  McKean's petition is timely filed. Dkt. 5 at 3–4 & n.3 (citing, among others, *Welch v.*

20  *United States*, 136 S. Ct. 1257, 1264–66 (2016); *United States v. Valdez*, 195 F.3d 544,

21  546–47 (9th Cir. 1999), *overruled on other grounds by Dodd v. United States*, 545 U.S.

22  353 (2005)).

Regarding procedural default, the Government contends that McKean procedurally defaulted his claim because he never sought to withdraw his guilty plea on the instant basis, and he did not appeal. Dkt. 5 at 5. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' or that he is 'actually innocent.'" *United States v. Braswell*, 501 F.3d 1147, 1149 (9th Cir. 2007) (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)) (internal quotation omitted). McKean argues that he can show cause and prejudice for any procedural default. Dkt. 6 at 2.

Regarding waiver, McKean waived "[a]ny right to bring a collateral attack against the conviction and sentence . . . except as it may relate to the effectiveness of legal representation." No. CR17-5043-BHS-1, Dkt. 22 at 10. However, as the Government explains, "whether this waiver is enforceable turns on whether McKean has shown that his guilty plea was defective." Dkt. 5 at 2 n.2 (citing *United States v. Lo*, 839 F.3d 777, 784 (9th Cir. 2016)).

Therefore, the Court first considers whether McKean can show cause and prejudice for his procedural default.

**A.    Cause**

"[A] claim that 'is so novel that its legal basis is not reasonably available to counsel' may constitute cause for procedural default." *Bousley*, 523 U.S. at 622 (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). In *Reed*, the Supreme Court identified three ways to show novelty. 468 U.S. at 17. "First, a decision of this Court may explicitly overrule one

of our precedents." *Id.* (citing *United States v. Johnson*, 457 U.S. 537, 551 (1982)).

"Second, a decision may 'overtur[n] a longstanding and widespread practice to which this

Court has not spoken, but which a near-unanimous body of lower court authority has

expressly approved." *Id.* (quoting *Johnson*, 457 U.S. at 551). "And, finally, a decision

may 'disapprov[e] a practice this Court arguably has sanctioned in prior cases.'" *Id.*

(quoting *Johnson*, 457 U.S. at 551). The Supreme Court went on to explain "[b]y

definition, when a case falling into one of the first two categories is given retroactive

application, there will almost certainly be no reasonable basis upon which an attorney

previously could have urged a state court to adopt the position this Court has ultimately

adopted." *Id.*

However, in *Bousley*, the Supreme Court explained that a claim is not novel if "at

the time of petitioner's plea, the Federal Reporters were replete with cases involving

challenges" on an identical theory. *Bousley*, 523 U.S. at 623. Moreover, it elaborated that

"'futility cannot constitute cause if it means simply that a claim was unacceptable to that

particular court at that particular time.'" *Id.* at 623 (quoting *Engle v. Isaac*, 456 U.S. 107,

130 n.35 (1982)).

Some courts have concluded *Bousley* renders unavailable the second *Reed* basis

for novelty. Brian R. Means, Federal Habeas Manual § 9B:60 (May 2020) (citing, among

others, *McCoy v. United States*, 266 F.3d 1245, 1258–59 (11th Cir. 2001); *United States

v. Moss*, 252 F.3d 993, 1002–03 (8th Cir. 2001)). In *McCoy*, the Eleventh Circuit

reasoned that if every circuit to address the claim had rejected it, that simply

demonstrates futility which cannot constitute cause under *Bousley*—it is immaterial that

1    defense counsel would have to file "kitchen sink" briefs to avoid procedural bars. *McCoy*,

2    266 F.3d at 1258–59. In *Moss*, the Eighth Circuit discussed what might show a

3    "longstanding" practice among lower courts, reasoning that even if the second *Reed* basis

4    for novelty remains valid, it "appears inapplicable when the issue has been settled for

5    what is only a mere moment in the time line of lower federal court jurisprudence." *Moss*,

6    252 F.3d at 1002–03. Specifically, in 2001, the Eighth Circuit concluded that the concept

7    at issue "was only conclusively established among the circuit courts in the early 1990s,

8    and we respectfully disagree with the dissent's assertion that the lower courts' treatment

9    of the issue constitutes a 'longstanding' practice." *Id*. at 1003.

10          McKean argues that the Court should apply the second *Reed* basis for novelty in

11   this case. Dkt. 6 at 2–3. He emphasizes that in *Bousley*, the Supreme Court was

12   considering failure to appeal on an issue that was the subject of a circuit split, a context

13   distinguishable from the circuits' near-unanimity prior to *Rehaif*. *Id*. at 4 (citing *Bousley*,

14   523 U.S. at 632; *Bailey v. United States*, 516 U.S. 137, 142 (1995)). McKean is correct

15   that, prior to *Rehaif*, an unbroken string of federal appeals courts had concluded that

16   knowledge of one's prohibited status was not a required element of a § 922(g) conviction.

17   The dissent in *Reihaf* characterized the decision as "casually overturn[ing] the long-

18   established interpretation of an important criminal statute, 18 U.S.C. § 922(g) . . . used in

19   thousands of cases for more than 30 years." 139 S.Ct. at 2201 (Alito, J., dissenting).

20   Every Court of Appeals to address the question had agreed, and only the Second and

21   Sixth Circuits had not spoken to the issue. *Id*. at 2210 & n.6 (collecting cases).

22

Courts in this District have disagreed about whether to find cause in challenges to convictions under *Rehaif*. In *Moore v. United States*, the Court found the petitioner had not shown cause, reasoning that at the time of sentencing and foregone appeal, there were "plenty of cases where this issue was being raised," citing *United States v. Jackson*, 120 F.3d 1226, 1229 (11th Cir. 1997); *United States v. Langley*, 62 F.3d 602, 604 (4th Cir. 1995) (en banc); *United States v. Smith*, 940 F.2d 710, 713 (1st Cir. 1991). *Moore*, No. 20-5115-RBL, Dkt. 8 at 5–6 (W.D. Wash. July 14, 2020). The relevant plea and sentencing in *Moore* occurred in in 2007. *United States v. Moore*, No. 06-5419-RBL-1, Dkts. 17, 18, 24.

In *Mujahidh v. United States*, the Court noted that the petitioner made "no serious effort to establish 'cause,'" and reasoned that "the issue was litigated in federal courts across jurisdictions for many years prior to [the petitioner's] indictment and guilty plea." *Mujahidh*, No. 19-1852-JLR, 2020 WL 1330750, at *2–3 (W.D. Wash. Mar. 23, 2020) (citing, among others, *United States v. Butler*, 637 F.3d 519, 524 (5th Cir. 2011) (collecting cases)). The petitioner in *Mujahidh* pled guilty in 2011 and was sentenced in 2013. *Mujahidh v. United States*, No. 19-1852 JLR, Dkt. 5 at 2. McKean argues that *Moore* and *Mujahidh* are not persuasive because both petitioners were pro se and no party alerted the Court to the second *Reed* criterion. McKean is correct that neither the petitioner in *Moore* nor the petitioner in *Mujahidh* raised this criterion. *See Moore*, No. 20-5115-RBL, Dkts. 1, 6; *Mujahidh*, No. 19-1852-JLR, Dkts. 1, 1-1.

In *Saephanh v. United States*, the Court found the petitioner had established cause. *Saephanh*, No. 20-0951-JCC (W.D. Wash. Sept. 28, 2020), Dkt. 8 at 3. The Court

reasoned that "*Bousely* defines futility as something more than being unacceptable to 'that particular court at that particular time;'" rather, the relief "must be *unavailable* in any circuit." *Id.* (quoting *Bousley*, 523 U.S. at 623). Because none of the circuits held that knowledge was a required element of a § 922(g)(1) claim at the time of the petitioner's plea, the Court reasoned that the petitioner had shown cause for procedural default of his *Rehaif* claim. *Id.* (citing *Rehaif*, 139 S. Ct. at 2201 (Alito, J., dissenting)). The petitioner in *Saephanh* pled guilty and was sentenced in 2016. *United States v. Saephanh*, No. 16-0091-JCC-1, Dkts. 20, 24, 29.

As noted, McKean pled guilty in March 2017 and was sentenced in July 2017. No. CR17-5043-BHS-1, Dkts. 21, 22, 29, 30. The Supreme Court granted certiorari in *Rehaif* on January 11, 2019. *Rehaif v. United States*, 139 S. Ct. 914 (2019). Considering the dissent in *Rehaif*'s characterization of the state of the law as well-settled and that McKean's plea and sentencing dates are somewhat later than the petitioners' in *Moore* and *Mujahid* and similar to the plea and sentencing dates in *Saephanh*, the Court assumes without deciding that McKean can show cause.

**B.     Prejudice and Structural Error**

McKean argues that the impact of the *Rehaif* error both (1) satisfies the actual prejudice standard and (2) represents structural error excusing him from the obligation to show prejudice.

**1.     Prejudice**

The Ninth Circuit reviews *Rehaif* error at trial on § 922(g)(1) charges under the plain error standard. *See, e.g.*, *United States v. Benamor*, 937 F.3d 1182 (9th Cir. 2019);

1    *United States v. Johnson*, 979 F.3d 632 (9th Cir. 2020). Plain error requires showing "(1)

2    there was an error, (2) the error is clear or obvious, (3) the error affected [the defendant's]

3    substantial rights, and (4) the error seriously affected the fairness, integrity, or public

4    reputation of judicial proceedings." *Johnson*, 979 F.3d at 636 (citing *Benamor*, 937 F.3d

5    at 1188). As the instant case is a collateral attack, the standard is "significantly higher"

6    than plain error—the petitioner must show "cause and actual prejudice." *United States v.*

7    *Frady*, 456 U.S. 152, 167 (1982).

8         The Government argues that McKean cannot show plain error, let alone actual

9    prejudice. Dkt. 5 at 7. McKean counters that because he pled guilty, if the record does not

10   show he was "*told of the information necessary to secure an intelligent plea*," it is

11   immaterial that the record contains evidence of his knowledge of prohibited status. Dkt. 4

12   at 6 (emphasis in original) (citing *Henderson v. Morgan*, 426 U.S. 637 (1976)). In other

13   words, he contends that the analysis in cases which went to trial and were reviewed for

14   plain error should not control "because those cases do not assert an unintelligent and

15   involuntary plea." *Id.* at 6. As noted, among other convictions, McKean previously

16   served a year-plus sentence following a conviction for Felon in Possession of a Firearm.

17   No. CR17-5043-BHS-1, Dkt. 25, ⁋ 41. He argues the *Rehaif* error deprived him of "any

18   incentive to develop defense arguments on his mental state at the time of the firearms

19   possession." Dkt. 6 at 6. Considering *Henderson* and the Ninth Circuit's disposition of

20   allegations of *Rehaif* error at trial and in guilty plea cases, the Court agrees with the

21   Government that McKean cannot show actual prejudice.

22

1    In *Henderson*, the defendant was not informed of the elements of a second-degree

2    murder charge and testified that he would not have pled guilty had he been aware of the

3    element of intent to cause death. 426 U.S. at 643–44. The Supreme Court held that even

4    assuming overwhelming evidence of guilt and competent counsel who would have

5    advised a guilty plea, a plea cannot be "voluntary in a constitutional sense" as an

6    intelligent admission "unless the defendant received 'real notice of the true nature of the

7    charge against him, the first and most universally recognized requirement of due

8    process.'" *Id.* at 644–45 (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)). As the

9    defendant had "unusually low mental capacity" it was not clear "that the error was

10   harmless beyond a reasonable doubt." *Id.* at 647.

11   Reviewing *Rehaif* error at trial for plain error on appeal, the Ninth Circuit has

12   concluded that there was no probability the outcome of the proceeding would have been

13   different where the defendant had a prior felon-in-possession conviction, thus proving

14   "beyond a reasonable doubt that Defendant had the knowledge required by *Rehaif* and

15   that any error in not instructing the jury to make such a finding did not affect Defendant's

16   substantial rights or the fairness, integrity, or public reputation of the trial." *Benamor*,

17   937 F.3d at 1189 (citing *Molina-Martinez v. United States*, 136 S.Ct. 1338, 1342 (2016));

18   *see also Johnson*, 979 F.3d at 637–39 (defendant who had served multiple year-plus

19   prison terms "c[ould not] plausibly argue that a jury . . . would find that he was unaware

20   of his status as someone previously convicted of an offense punishable by more than a

21   year in prison.").

22

1      Similarly, the Ninth Circuit has held in three unpublished dispositions reviewing

2  guilty pleas with *Rehaif* error that considering record evidence of knowledge of

3  prohibited status, the petitioners failed to show a reasonable probability that they would

4  have continued to plead not guilty without the alleged error or failed to show effect on the

5  fairness or integrity of the proceedings. *United States v. Valencia-Barragan*, 819 F.

6  App'x 508, 511 (9th Cir. 2020) (failure to show reasonable probability would have gone

7  to trial but for the error, and the record showed knowledge of domestic violence

8  conviction through participation in treatment program); *United States v. Espinoza*, 816 F.

9  App'x 82, 84 (9th Cir. 2020) (failure to show evidence defendant would have gone to

10  trial but for the error); *United States v. Johnson*, No. 18-10016, 2020 WL 6305981, at *2

11  (9th Cir. Oct. 28, 2020) (failure to show effect on fairness or integrity of proceedings).[2]

12  The Ninth Circuit recently addressed an argument similar to McKean's in a § 922(g)(1)

13  plea case on remand from the Supreme Court in light of *Rehaif*—that the defendant was

14  prevented from presenting a complete defense and likely would not have pled guilty if he

15  had been aware of the missing element. *Johnson*, 2020 WL 6305981, at *1–2. The record

16  included a state court plea agreement with the defendant's initials next to the statement

17  that he had been convicted of a felony and could not possess a firearm. *Id*. The Circuit

18  acknowledged that a plea is constitutionally invalid when a defendant's right to be

19

20      [2] As the Court noted in *Moore*, at least three circuit courts have reached the same
conclusion in published opinions considering plea cases on appeal. *Moore*, No. 20-5115-RBL,
21  Dkt. 8 at 9 (citing *United States v. Williams*, 946 F.3d 968, 973–75 (7th Cir. 2020); *United States
v. Green*, 946 F.3d 433, 442 n.4 (8th Cir. 2019); *United States v. Burghardt*, 939 F.3d 397, 403–
22  05 (1st Cir. 2019)).

1    informed of the essential elements of the charges against him is violated. *Id*. (citing

2    *Bousley*, 523 U.S. at 618–19). It found failure to instruct on the *Rehaif* element during the

3    plea colloquy was error, the error was plain, and the defendant's substantial rights were

4    affected. *Id*.

5          However, the defendant was not entitled to relief because he "d[id] not show how

6    the fairness, integrity, or public reputation of judicial proceedings would be adversely

7    affected by affirming his conviction." *Id*. at *3. Though this decision is unpublished, it is

8    persuasive.

9          McKean's argument that he was deprived of the opportunity to develop arguments

10   on his mental state does not show how that the fairness, integrity, or public reputation of

11   judicial proceedings would be affected if his conviction was affirmed. *See id*. at *2–3*; see

12   also Moore*, No. 20-5115-RBL, Dkt. 8 at 7–8; *Saephanh*, No. 20-951, Dkt. 8 at 3–4. *But

13   see Nair v. United States*, No. C19-1751JLR, 2020 WL 1515627, at *3–5 (W.D. Wash.

14   Mar. 30, 2020) (procedural default excused by actual innocence; *Henderson*'s

15   requirement to inform on each element dispositive on merits). This is particularly true

16   where there is no indication that an evidentiary basis exists for his potential mental state

17   arguments (which would be arguably available at this level of generality in every

18   §922(g)(1) *Rehaif* claim) and no claim that his plea would have changed. As the Ninth

19   Circuit reasoned that the constitutional error was insufficient for plain error in a plea case

20   on appeal the Court is not persuaded that it would find the same error can satisfy the

21   higher actual prejudice standard in this plea case on collateral attack.

22

1          **2.     Structural Error**

2          A structural error is one "entitling the defendant to automatic reversal without any

3    inquiry into prejudice." *Weaver v. Massachusetts*, 137 S. Ct. 1899, 1980 (2017). In

4    *United States v. Dominguez Benitez*, the Supreme Court explained that "[i]t is only for

5    certain structural errors undermining the fairness of a criminal proceeding as a whole that

6    even preserved error requires reversal without regard to the mistake's effect on the

7    proceedings." 542 U.S. 74, 81 (2004) (citing *Arizona v. Fulminante*, 499 U.S. 279, 309–

8    10 (1991)). "Otherwise, relief for error is tied in some way to prejudicial effect and

9    should "allow consideration of any record evidence tending to show that a

10   misunderstanding was inconsequential to a defendant's decision, or evidence indicating

11   the relative significance of other facts that may have borne on his choice regardless of

12   any Rule 11 error." *Id*. at 84. However, the Supreme Court noted the constitutional

13   question of whether a defendant's guilty plea was knowing and voluntary was different.

14   For example, "when the record of a criminal conviction obtained by guilty plea contains

15   no evidence that a defendant knew of the rights he was putatively waiving, the conviction

16   must be reversed," the conviction could not be saved "even by overwhelming evidence

17   that the defendant would have pleaded guilty regardless." *Id*. at 84 n.10 (citing *Boykin v.*

18   *Alabama*, 395 U.S. 238 (1969)).

19         McKean argues that the Supreme Court's description of constitutional error in

20   *Dominguez Benitez* "strongly suggest[s]" that a *Rehaif* error in a guilty plea case is

21   structural. Dkt. 6 at 7. The Government counters that the Ninth Circuit has concluded a

22   *Rehaif* error is not structural because it has decided these cases under plain error review

1   on direct appeal. Dkt. 5 at 11 (citing, among others, *Benamor*, 937 F.3d at 1189).

2   However, the Ninth Circuit has found the issue not raised on appeal. *See Johnson*, 2020

3   WL 6305981, at *3 (structural error argument waived); *Espinoza*, 816 F. App'x at 84–85

4   (structural error argument forfeited). Among courts of appeals to consider the question,

5   the Fourth Circuit has found that *Rehaif* error is structural, *United States v. Gary*, 954

6   F.3d 194, 202 (4th Cir. 2020), while at least three courts of appeals have found otherwise,

7   *see, e.g. United States v. Coleman*, 961 F.3d 1024, 1028–30 (8th Cir. 2020); *United*

8   *States v. Lavalais*, 960 F.3d 180, 187–88 (5th Cir. 2020); *United States v. Trujillo*, 960

9   F.3d 1196, 1203–08 (10th Cir. 2020).

10          The Fourth Circuit concluded that *Rehaif* error was structural, relieving the

11   defendant of the obligation to show prejudice on the third prong of plain error review,

12   and that it cast doubt on the integrity of the judicial proceeding, satisfying the fourth

13   prong. *Gary*, 954 F.3d at 203–08. It considered the three rationales for identifying error

14   as structural: (1) where the right protects an interest other than avoiding erroneous

15   conviction, such as the right to self-representation, (2) where the effects of the error are

16   too hard to measure, such as the right to select an attorney, and (3) where the error always

17   results in fundamental unfairness, such as the denial of an attorney or failure to give a

18   reasonable doubt instruction. *Id*. at 204–05. It found *Rehaif* error deprived the defendant

19   of the right to make an informed choice about whether to go to trial and that it was

20   impossible to know how counsel would have advised the defendant or what evidence

21   may have been presented at trial. *Id*. at 205–06. It also independently found that the error

22   was structural "on the ground that fundamental unfairness results when a defendant is

1   convicted of a crime based on a constitutionally invalid guilty plea" in part because, as

2   McKean emphasizes, the knowledge-of-status element is what separates innocent from

3   wrongful behavior. Dkt. 6 at 9 (citing *Gary*, 954 F.3d at 206).

4        In contrast, rejecting a structural error argument, the Eight Circuit reasoned that

5   "[n]either the Supreme Court nor this court has ever identified a constitutionally invalid

6   guilty plea as structural error," and the Fourth Circuit in *Gary* is the only court of appeals

7   to have done so. *Coleman*, 961 F.3d at 1029 & n.3. Considering the distinction raised in

8   *Dominguez Benitez*, the Tenth Circuit reasoned that it could "readily distinguish between

9   a case where the court engages in no plea colloquy at all, *see Boykin*, 395 U.S. at 242–45

10  . . . and one where the court merely omits an element of the charge." *Trujillo*, 960 F.3d at

11  1202–04 (distinguishing *Henderson* and *Hicks v. Franklin*, 546 F.3d 1279 (10th Cir.

12  2008)). Without a plea colloquy, "we are left to wonder whether the defendant

13  understood the charge against him, the maximum statutory penalties . . . , the strength of

14  the government's evidence, and the rights he was waiving by pleading guilty." *Id*. at

15  1204. However, omitting an element of the offense still gives the defendant a general

16  sense of the charges against him, the statutory penalty, the factual basis for the plea, and

17  the rights waived by pleading guilty, so failure to engage in a plea colloquy is a structural

18  error which affects the framework of the plea, while failure to advise of an element is

19  nonstructural, "simply an error within the . . . process itself." *Id*. at 1204–05 (quoting

20  *Weaver*, 137 S. Ct. at 1907).

21       In the particular context where the petitioner had served a year-plus sentence prior

22  to the plea, the Court finds the Tenth Circuit's reasoning persuasive considering the Ninth

1   Circuit's conclusion that *Rehaif* error impacted the knowing and voluntary nature of a

2   plea to a § 922(g)(1) charge but did not cast doubt on the fairness, integrity, or public

3   reputation of the proceedings. *Johnson*, 2020 WL 6305981 at *2–3; *see also Saephanh*,

4   No. 20-951-JCC, Dkt. 8 at 4 n.2 (declining to find structural error; noting *Valencia-*

5   *Barragan*, 819 F. App'x 508 is persuasive). Therefore, the Court concludes that McKean

6   has not met his burden to show prejudice or shown that burden is excused by structural

7   error. As McKean cannot overcome his procedural default, the Court does not reach the

8   merits.

## III.   CERTIFICATE OF APPEALABILITY

10          A certificate of appealability may issue only if petitioner has made "a substantial

11  showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). McKean

12  satisfies this standard "by demonstrating that jurists of reason could disagree with the

13  district court's resolution of his constitutional claims or that jurists could conclude the

14  issues presented are adequate to deserve encouragement to proceed further." *Miller-El v.*

15  *Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

16  The Court agrees with *Saephanh* that the standard is met. No. 20-951-JCC, Dkt. 8 at 4

17  (recognizing that there are divergent views within this District on cause and divergent

18  views among circuits on structural error). The undersigned therefore certifies the same

19  issues for appeal: "(1) the relevant *Murray* [*v. Carrier*, 477 U.S. 478 (1986)] standard to

20  apply to a procedural default 'cause' determination under *Rehaif* and (2) whether a *Rehaif*

21  error during plea is structural." *Id*.

22

1

### IV.  ORDER

2      Therefore, it is hereby **ORDERED** that McKean's motion to vacate judgment,

3 Dkt. 1, is **DENIED**. McKean's request for a certificate of appealability is **GRANTED**.

4      The Clerk shall enter a JUDGMENT and close the case.

5      Dated this 16th day of December, 2020.

6

7
_____

8
BENJAMIN H. SETTLE
United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22